# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| ARNOLD BARRIENTOS, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 05-498-RAW-KEW |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the Department of Corrections' failure to restore earned credits he lost through prison disciplinary proceedings. The record shows that petitioner has received eight misconduct reports since his incarceration began in 1998. On September 12, 2005, he filed a Request to Staff, requesting the restoration of all revoked earned credits. The response to the request stated petitioner was not eligible for restoration, because his criminal conviction was for a violent offense. Petitioner next filed a Grievance Report Form about this issue on October 3, 2005. Relief was denied, because pursuant to OP-060211, effective November 1, 2004, inmates with current convictions for violent offenses are ineligible for restoration of earned credits. Petitioner is serving a 20-year sentence for Shooting with Intent to Kill, with counts for Pointing a Firearm at Another and for Discharge of a Firearm from a Motor Vehicle. Petitioner's grievance denial was affirmed on appeal to the Director's Designee.

The respondent alleges, among other things, that DOC staff have absolute discretion in determining whether revoked earned credits are restored. The restoration of earned credits

is allowed, but the applicable statute states the earned credits "may" be restored by the warden. Okla. Stat. tit. 57, § 138(A). The facility head can exercise his discretion, however, only "upon approval of the classification committee." *Id.* There is no entitlement to restoration.

It is well settled that there is no protected interest when the benefit conferred is within the discretion of the person or entity making the decision. *Meachum v. Fano*, 427 U.S. 215 (1976); *Kentucky Dep't of Corrections*, 490 U.S. 454 (1989). A protected liberty interest exists only when the state has placed "substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Here, the statute does not mandate any outcome. Instead, under § 138(A) the warden has discretion to determine whether any earned credits will be restored. Therefore, petitioner has failed to demonstrate he is entitled to habeas corpus relief.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 17th day of December 2007.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**